T. LEMMON, Judge.
This is an action to recover the value of and damages to plaintiff’s two parcels of vacant land which defendant Levee Board used to construct or to enlarge levees along two separate canals which empty into Lake Pontchartrain. Plaintiff has appealed from a judgment awarding him the value of the land as of 1949, the year in which construction of the original levees commenced.[1] On appeal plaintiff contends that the judgment should be based on the value in 1962, the year in which he learned of the illegal taking and instituted this action. We do not reach the issue, however, as to the proper date for fixing compensation, because we conclude that plaintiff is not entitled to compensation.
Insofar as this record shows, the Board’s only attempt to acquire any right to occupy either parcel was a 1949 appropri *746 ation resolution pertaining only to the parcel in Metairieville Subdivision. We agree with plaintiff’s contention that appropriation is not applicable when the land was not riparian in origin to the Mississippi River at the time of its separation from the public domain. See Thomas v. Bd. of Comm’rs, supra. However, plaintiff’s further contention that there has never been a legal taking is contingent upon the property’s being privately owned at the time of levee construction or expansion. Plaintiff’s failure to prove this fact defeats his claim.
Plaintiff acquired the Metairie-ville parcel, consisting of two lots numbered 8 and 9, in 1954 and 1956. Lot 8 had been sold to the state in 1936 for unpaid taxes and was not redeemed until 1954, several months after plaintiff acquired a quitclaim from the tax debtor. Lot 9 had been sold to the state in 1937 for unpaid taxes and was acquired by plaintiff in 1956 by process verbal and patent. Therefore, at the time of original levee construction in 1949, title to the two lots was in the state by virtue of the two tax sales and the expiration of the redemptive periods. When property is adjudicated to the state for delinquent taxes, title passes to the state subject to the right of redemption; and if the right is not seasonably exercised, the title to the state becomes absolute. Board of Comm’rs v. Concordia Land & Timber Co., 141 La. 247, 74 So. 921 (1917).
In Emery v. Orleans Levee Bd., 207 La. 386, 21 So.2d 418 (1945) the disputed property was adjudicated to,the state for unpaid taxes in 1922. Act 99 of 1924 authorized and directed the Board to construct the Bohemia Spillway and to acquire the privately owned property necessary for the construction. The subject property was utilized for spillway construction, but there was no express dedication of the specific property for public use, nor were the tax debtors notified of that use. After the spillway was constructed, and after the period for redemption had elapsed, the tax debtors redeemed the property in 1938 and then filed a petitory action, claiming the redemption placed the property back in the condition it was prior to the tax adjudication. The court held that when the tax debtors obtained the redemption, the property had been dedicated for spillway purposes and removed from commerce. The court noted that while there was no specific dedication of lands belonging to the state, there was obvious legislative intention for all land included in the project to be set aside for the public purpose and removed from commerce. The assent of the state to such use is presumed. See also Klause v. State, 243 La. 242, 142 So.2d 410 (1962).
It is important to note, both in this case and in the Emery case, that the property in dispute was not privately owned property at the time that it was applied to public use. Under these circumstances the constitutional provisions for due process and payment of just compensation are inapplicable.[2]
We conclude that when plaintiff acquired the two lots by patent from the state and by quitclaim from the tax debtor followed by redemption from the state, his acquisition was subject to the previous dedication to public use for levee purposes.
Plaintiff contends, however, that the levee did not encroach on the Metairieville parcel until the base was expanded in about 1960, after his acquisition. His testimony supporting this contention, given only under cross-examination, was contradicted by an engineer from the Department of Public Works and was not corroborated in any manner, although he made reference to information from the Corps of Engineers and from an adjoining property owner who resided there. Plaintiff’s failure to produce corroborating evidence defeats this contention.
The Kenner Project parcel, consisting of four lots, was acquired by plaintiff in December, 1959 after his vendor acquired the *747 lots during the same month by process verbal and patent from the state. Uncontra-dicted evidence showed the original levee occupied a portion of these lots and a 1959 expansion took an additional amount of depth. Since title to these lots was in the state, insofar as this record shows, at the time of levee construction and expansion, we deny plaintiff’s claim for the same reasons we denied the claim on the Metairie-ville lots.
Inasmuch as plaintiff was the only party who perfected an appeal, we can merely refuse to increase the amount of the award.
The judgment is affirmed.

AFFIRMED.

. When this action was commenced in 1962, it was quickly dismissed on an exception of prescription under R.S. 9:5626. This court remanded, finding the evidence insufficient to support the plea of prescription. 151 So.2d 524. The case was then tried on the exception and the merits in 1967, and the trial judge filed written reasons proposing to again maintain the exception of prescription. We are informed that signing of the judgment was withheld by consent, first to await appellate action in a similar case [Thomas v. Bd. of Comm’rs, 208 So.2d 163 (La.App. 4th Cir. 1968)] and then to pursue settlement negotiations. The case was ultimately resubmitted on the 1967 evidence, and that judgment (rendered in 1975) is now before us for review.

. Furthermore, plaintiff has no claim against the state as vendor of the property. Tax sales from the state are executed without warranty.