Dear Mr. LeBlanc:
You have requested an opinion of the Attorney General on several issues relating to the sale of immovable property for nonpayment of ad valorem taxes. The issues presented in your letter were modified pursuant to our telephone conversation on Monday August 7, 2000. You first ask whether taxes and/or tax liens can prescribe.
With regard to tax privileges and mortgages, we direct your attention to R.S. 47:2111 which provides, in pertinent part, the following:
§ 2111. Tax privileges and mortgages, prescription;cancellation
 All tax privileges and tax mortgages granted by law to secure the payment of ad valorem taxes, whether, state, parish or municipal, shall be prescribed in three years after the thirty first day of December in the year in which said taxes are due, and whether such liens are now or hereafter recorded; . . . .
In Flowers, Inc. v. Rausch, 364 So.2d 928 (La.App. 1978), the Louisiana Supreme Court reasoned that the three year prescriptive period applies to unrecorded liens. The Court further held that tax assessments are equivalent to judgments, and a recordation of a tax assessment encumbers the property with a lien or mortgage which, under Louisiana Civil Code Article 3330, is preempted after ten years unless it is reinscribed within that ten year period. See also Attorney General Opinion No. 86-463. We turn now to the property taxes, themselves.
Article VII, Section 16 of the Louisiana Constitution of 1974 provides the following with regard to the prescription of taxes:
 § 16. Taxes; Prescription
 Section 16. Taxes, except real property taxes, and licenses shall prescribe in three years after the thirty-first day of December in the year in which they are due, but prescription may be interrupted or suspended as provided by law. (Emphasis added.)
As can be gleaned from the above, real property taxes are specifically excepted from the three-year prescription of other taxes. This office has previously held that real property taxes are imprescriptible. See Attorney General Opinion Nos. 78-355 and 76-1515.
You next ask what are the procedures to be followed in the event of the nonpayment of ad valorem taxes, including the tax sale and the right of redemption by the original property owner or the purchaser at tax sale. In response to your request, we refer you to R.S. 33:461, 33:2861, et seq., 47:2193 and Article VII, Section25 of the Louisiana Constitution of 1974.
As you are probably aware, R.S. 33:461 sets forth the provisions relating to the assessment and collection of municipal taxes, tax sales and the adjudication of real property to the municipality. Pursuant to this section, the tax collector obtains the municipal assessment of property for taxation by copying from the parish assessment roll that portion of the properties embraced within the corporate limits. This forms the basis and warrants for the collection of municipal taxes. It further provides that the tax collector shall collect municipal taxes, and sell property for the nonpayment thereof, in the same manner and under the same penalties as state and parish taxes.
The deed to the purchaser for lands sold at tax sale shall be filed with the parish clerk of court, and remains subject to redemption for the same length of time, and in the same manner as prescribed for the redemption of land sold for state and parish taxes. In the event no bids are received, R.S. 33:461(B)(3) provides for the adjudication of the property to the municipality.
Article VII, Section 25 of the Louisiana Constitution of 1974 provides, in pertinent part, the following with regard to tax sales:
 Section 25. (A) Tax Sales. (1) There shall be no forfeiture of property for nonpayment of taxes. However, at the expiration of the year in which the taxes are due, the collector, without suit, and after giving notice to the delinquent in the manner provided by law, shall advertise for sale the property on which the taxes are due On the day of sale, the collector shall sell the portion of property which the debtor points out. If the debtor does not point out sufficient property, the collector shall sell immediately the least quantity of property which any bidder will buy for the amount of the taxes, interest, and costs. The sale shall be without appraisement. A tax deed by a tax collector shall be prima facie evidence that a valid sale was made.
 * * *
 (B) Redemption. (1) The property sold shall be redeemable for three years after the date of recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption.
R.S. 47:2180 sets forth the requirement for notice of delinquency to the tax debtor. The requisite advertisement for sale is provided in Section 2181. The location and time of tax sale for municipal taxes is set forth in Section 2181.1 (at the municipal building on such day and time to be determined by the municipal tax collector).
Section 2183 provides for the execution by the municipal tax collector of a deed of sale to the purchaser of any real estate sold for taxes, with the inclusion in the deed of the statement that the property shall be redeemable at any time for the space of three years, beginning on the day the deed is filed for record in the conveyance office in the parish in which the property is situated.
Section 2193 provides as follows:
 § 2193. Sale of immovable property; payment of taxes bypurchaser
 From the date of recording a tax deed to property, all taxes thereon shall after that date, be assessed to and paid by the purchaser, until the property, or any part thereof, be redeemed. If redeemed, in whole or in part, the person redeeming shall pay all taxes assessed on the property redeemed, subsequent to the tax sale.
As can be gleaned from the above, property sold at tax sale should be placed on the subsequent assessment roll in the name of the new tax purchaser. Thus, the new tax purchaser is responsible for the payment of all subsequent taxes. See also Attorney General Opinion Nos. 91-229 and 82-910. In the event the new tax purchaser fails to remit municipal taxes for a subsequent year or years, the municipality should follow the same procedures discussed hereinabove for the tax sale and redemption of that property.
As previously noted, if no bids are received and the property is adjudicated to the municipality, title to that property passes to the municipality, subject to the right of redemption. If redemption does not occur within the requisite three year period, the municipality's title to the property becomes absolute. Woodv. Board of Commissioners for the Ponchartrain Levee District,338 So.2d 744 (La.App. 4th Cir. 1976) writ denied. After the three year redemptive period has expired, the municipality may then sell the property pursuant to R.S. 33:2861, et seq. See also Attorney General Opinion Nos. 94-406 and 93-752.
I hope this opinion will be of some assistance to you. Should you have any additional questions, please do not hesitate to contact me.
With kindest regards, I am
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH,3/sf